IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREGORY WALKER JOHNSON, *et al.*, : Case No. 3:13-cv-204

    Plaintiffs,

                                      District Judge Timothy S. Black
        vs.                          :       Magistrate Judge Michael J. Newman

APPLE, INC.,

    Defendant.                        :

_____

**REPORT & RECOMMENDATION,[1] AND ORDER**
_____

        This is a *pro se* case brought on behalf of two Plaintiffs, Gregory Johnson (hereafter, "Plaintiff") and St. G. Tech, Inc.  The Court, after liberally construing the complaint allegations in Plaintiff's favor, determined it was unclear whether Plaintiff sought to proceed on his own behalf and/or on behalf of the corporate entity, St. G. Tech, Inc.  *See* doc. 3.

**I.**

        To that end, the Court advised *pro se* Plaintiff, in writing, that a corporation cannot proceed *pro se*, and provided Plaintiff with 30 days (*i.e.*, until July 25, 2013) in which to obtain counsel on behalf of St. G. Tech, Inc.  *See* doc. 3.  Plaintiff was then advised that "the Court will recommend dismissal of St. G. Tech, Inc. if [you] remain[] *pro se* and seek[] to proceed on [your] own behalf and also on behalf of St. G. Tech, Inc." *Id.* at 2.

        On July 23, 2013 (*i.e.*, two days prior to the July 25th show cause deadline), Plaintiff filed a document in which he advised the Court he had "just found an attorney who will take my case" and requested "a week more time."  Doc. 5 at 1.  The Court, acting in the interest of justice, granted this request and advised Plaintiff -- again in writing -- that he had until August 1,

---
[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

2013 in which to "advise the Court whether or not [you have] found counsel to represent St. G. Tech, Inc." *Id.*  In that Order, the Court advised Plaintiff that it would "recommend dismissal of St. G. Tech, Inc. if counsel is not obtained on or before August 1, 2013." *Id.*

*Pro se* Plaintiff did not comply with the August 1st deadline.  Accordingly, the following day (August 2, 2013), the Court -- again acting in the interest of justice, and presuming that Plaintiff had been able to secure counsel, but that counsel had not yet filed a Notice of Appearance -- *sua sponte* granted Plaintiff an additional seven-day period in which counsel could file such a Notice.  Doc. 7 at 1.  Plaintiff was then advised that "if counsel does not file a Notice of Appearance on or before August 9, the claims brought by St. G. Tech, Inc. shall be dismissed because, as previously explained to [you] in prior Orders, a corporation cannot proceed without the representation of a licensed attorney."  *Id.*  Plaintiff did not respond to that Order, and no Notice of Appearance was ever filed.

Given this procedural history, and the three Orders directing *pro se* Plaintiff to show cause why dismissal of St. G. Tech, Inc. should not occur, the Court **RECOMMENDS**, for good cause shown, that St. G. Tech, Inc. be **DISMISSED** as a Plaintiff in this case.  *Accord Rogers v. City of Warren*, 302 F. App'x 371, 378-79 (6th Cir. 2008) (recognizing that, in light of plaintiff's repeated failures to comply with Court Orders, dismissal is an appropriate sanction).

This case shall therefore proceed, assuming this Report & Recommendation is adopted, as *Gregory Johnson v. Apple, Inc.*  Mr. Johnson shall be the sole Plaintiff.

**II.**

With respect to *pro se* Plaintiff's claims against Apple, Inc., the Court notes that service of the complaint in this matter was stayed pending an analysis of the complaint (and the claims pled therein) under 28 U.S.C. §1915(e)(2)(B).  Pursuant to §1915, the Court may dismiss a

complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Having conducted this §1915 review, the Court finds, at this early juncture in the litigation, that dismissal of Plaintiff's individual claims against Apple, Inc. (*i.e.*, the claims brought solely by Gregory Johnson against Apple) is not warranted.  Accordingly, and having been advised by the Clerk of Court that Plaintiff has already submitted the necessary service forms, the United States Marshal ("USM") is **ORDERED** to make service of process in this case under Fed. R. Civ. P. 4(c)(3).  All costs of service shall be advanced by the United States.

August 13, 2013                                       s/ **Michael J. Newman**
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).