UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREGORY WALKER JOHNSON,

        Plaintiff,                              Case No.: 3:13-CV-204

vs.

APPLE, INC.,                                    District Judge Timothy S. Black
                                                         Magistrate Judge Michael J. Newman

        Defendant.

## ORDER AND REPORT & RECOMMENDATION[1]

Plaintiff, Gregory Walker Johnson, brings this case *pro se* against Defendant, Apple, Inc., alleging various intellectual property claims. Currently pending before the Court are Apple's motion to dismiss (doc. 28); Johnson's motion for leave to supplement his initial complaint (doc. 30); Johnson's motion for leave to file an amended complaint (doc. 31); Johnson's motion for leave to supplement his amended complaint (doc. 37); and Apple's motion to stay discovery, including Rule 26(a)(1) initial disclosures and the Rule 26(f) process, pending the Court's ruling on its motion to dismiss (doc. 38). Also before the Court is a document filed by Plaintiff titled "Response to Judge." Doc. 43. Attached to that latter document are additional exhibits. *Id.* at PageID 324-31. The Court liberally construes that document as Plaintiff's motion for leave to supplement his amended complaint.

The Court held a Rule 16(a) preliminary pretrial conference with the parties on December 18, 2013 and is simultaneously issuing a Calendar Order.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

The relevant procedural history of this matter is as follows:

Johnson filed a motion for leave to proceed *in forma pauperis* ("IFP") on June 21, 2013, and attached his draft complaint. Doc. 1. The application in support of his IFP motion listed a corporate entity, St. G Tech, Inc., as the sole plaintiff; the complaint and civil cover sheet, on the other hand, listed both St. G Tech, Inc. and Johnson as plaintiffs. *Id.* at PageID 1; doc. 4 at PageID 67, 94. Johnson claims that he is the owner of St. G Tech, Inc. Doc. 4 at PageID 71.

On June 25, 2013, the Court conducted a *sua sponte* review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted Johnson leave to proceed IFP as to the claims asserted on his own behalf. Doc. 3 at PageID 65. The Court also advised Johnson that he could not plead claims on behalf of St. G Tech, Inc. because he is not a licensed attorney. *Id.* at PageID 66; *see Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011). The Court afforded Johnson thirty days to obtain counsel to represent St. G Tech, Inc., and held service of the complaint pending his response. Doc. 3 at PageID 66.

Johnson advised the Court on July 23, 2013 that he had found counsel to represent St. G Tech, Inc. and sought a one-week extension to comply with the Court's Order. Doc. 5. The Court granted the extension. Doc. 6. When Johnson failed to timely respond, the Court *sua sponte* granted Johnson an additional extension, to August 9, 2013. Doc. 7.

When Johnson again failed to respond, the Court issued a Report and Recommendation ("R&R") on August 14, 2013, in which it recommended that St. G. Tech, Inc. be dismissed from the case for failure to prosecute. Doc. 8. Judge Black adopted the R&R on September 3, 2013,

dismissing all claims asserted by St. G. Tech, Inc., and ordering the case to proceed only upon the claims asserted by Johnson. Doc. 11 at PageID 136.

The Court's R&R also ordered the U.S. Marshal to complete service of process, and service was made on September 9, 2013. Doc. 8 at PageID 131; doc. 14. By stipulation, the parties extended the deadline for Apple's responsive pleading to October 21, 2013. Doc. 16.

In essence, the *pro se* complaint alleges that Apple's products -- such as the iPhone, iPad, and iPod -- incorporate functions and capabilities that infringe on several copyrights, trademarks, and patents held or applied for by St. G Tech, Inc. Doc. 4 at PageID 69-70. These allegedly include "verbal command" software for use in laptops and cellphones, and the integration of a camera into MP3 players. *Id.* Liberally construed, the initial complaint appears to allege eight causes of action, all on behalf of St. G. Tech, Inc., and seeks $13 billion in damages. *Id.* at PageID 71. Specifically, the complaint alleged: (1) copyright infringement in violation of 17 U.S.C. § 106; (2) trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114; (3) common law trademark infringement; (4) trade-dress infringement in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (5) unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (6) patent infringement in violation of 35 U.S.C. § 271; (7) unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and (8) unjust enrichment. *Id.* at PageID 69, 85-90.

Johnson has since filed seven motions for leave[2]: four motions for leave to supplement his initial complaint with additional exhibits (docs. 19, 20, 25, 30);[3] one motion for leave to file

---

[2] The Court notes that all of Johnson's motions have been filed without an accompanying memorandum in support, in violation of S.D. Ohio Civ. R. 7.2(a)(1).

[3] Filed on September 30, 2013; October 1, 2013; October 7, 2013; and October 18, 2013, respectively.

an amended complaint (doc. 31);[4] and two motions for leave to supplement his amended complaint (docs. 37, 43).[5] The Court granted Johnson's first three motions for leave to supplement. Docs. 23, 26. Johnson's other four motions remain pending. Johnson's motions for leave to supplement sought to attach one or more additional exhibits to the complaint. These exhibits include, for example, excerpts of the *Wikipedia* entry for Apple's Siri technology, doc. 20-1 at PageID 155-56; and June 2011 letters to Facebook and Twitter offering licenses for the use of Johnson's allegedly copyrighted intellectual property, doc. 37-1 at PageID 293-94.

Apple moved to dismiss the initial complaint on October 17, 2013. Doc. 28. This motion was directed to the initial complaint as amended through October 9, 2013. Apple argues, *inter alia*, that the initial complaint should be dismissed because it asserts claims only on behalf of St. G Tech, Inc., an entity which has since been dismissed from the case. Doc. 28 at PageID 184-85. Therefore, Apple argues, Johnson lacks Article III standing to pursue the case on his own behalf.[6] *Id.* at PageID 185-86.

Johnson then filed a motion for leave to file an amended complaint on October 22, 2013. Doc. 31. In an apparent attempt to cure these potential pleading deficiencies, Johnson seeks leave to assert the same eight claims on his own behalf. Doc. 31-1 at PageID 210, 225-30. The proposed amended complaint also consolidates the various exhibits that Johnson had pleaded in piecemeal manner via his four motions for leave to supplement his initial complaint. Johnson

---

[4] Filed on October 22, 2013.

[5] Filed on November 19, 2013 and January 13, 2014. As discussed *supra*, the Court construes the latter filing as a motion for leave to supplement his amended complaint.

[6] Apple also argues that even if all claims were alleged by Johnson in his own name, dismissal is still merited. *Id.* at PageID 187-97. For the reasons discussed *infra*, the Court believes that, given the early stage of this litigation, the proper course of action is to permit amendment of Johnson's complaint before addressing the merits of this argument.

subsequently filed motions for leave to supplement his pending amended complaint on November 19, 2013 and January 13, 2014. Docs. 37, 43.

In an Order issued on November 14, 2013, the Court ordered the parties to conduct a conference and submit a joint Rule 26(f) Report of the Parties. Doc. 35. Apple then moved to stay discovery, including Rule 26(a)(1) disclosures and the Rule 26(f) conference, on November 20, 2013. Doc. 38. This motion was accompanied by an affidavit of Thomas Trofino, a legal assistant for Apple's counsel. Doc. 38-1 at PageID 305. Trofino testified that he contacted Johnson on November 18, 2013 to request consent to the motion, which was denied. *Id.*

Johnson filed a Rule 26(f) report on December 2, 2013. Doc. 40. The report indicates that Johnson and Trofino held the conference on November 18, 2013. *Id.* at PageID 310. Johnson's report, *inter alia*, proposed December 2, 2013 as the recommended cut-off date for the filing of motions to dismiss and motions to amend the pleadings; and December 12, 2013 as the recommended discovery cut-off date. *Id.* at PageID 310-11.

Apple submitted its Rule 26(f) report on December 5, 2013, making several allegations regarding the conduct of Johnson. Doc. 41. Apple advised the Court that Johnson's report was submitted without its consent, and that Apple did not agree to the information contained therein. *Id.* at PageID 314. Further, Apple contends that Johnson submitted his report before the parties held their conference later the same day. *Id.* Finally, Apple's report was accompanied by another affidavit of Trofino. Doc. 41-1 at PageID 320. Trofino again testifies that he spoke with Johnson on November 18, 2013 for the sole purpose of requesting Johnson's consent to stay discovery. *Id.* Trofino refutes the contention in Johnson's report that Johnson and Trofino met for the Rule 26(f) conference on November 18, 2013. *Id.*

## II.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see also Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (reversing the grant of a motion to dismiss because the district court failed to properly consider claims alleged in a pending motion for leave to amend). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (affirming the denial of a motion for leave to file an amended answer filed two years after the complaint because the defendant "failed to proceed with due diligence and this delay would have unduly prejudiced" plaintiff).

The decision of whether to grant or deny leave to amend is within the District Court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Nonetheless, courts must consider factors such as whether the amendment is "brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Moore*, 790 F.2d at 559 (reinforcing that the District Court must "consider the competing interests of the parties and likelihood of prejudice to the opponent"). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### III.

### A. Amended Complaint

As noted above, the initial complaint named Johnson and St. G Tech, Inc. as plaintiffs. Doc. 4 at PageID 67. All claims asserted on behalf of St. G Tech, Inc. have since been dismissed from the case for failure to secure counsel. The amended complaint seeks to substitute Johnson as the party asserting the claims and as the holder of the various intellectual property rights.

Apple argues that the case merits dismissal because the initial complaint alleges injury only to the interests of St. G Tech, Inc., an entity since dismissed for the case. Further, Apple contends, even if Johnson pled the claims in his own name, he is not the proper party to assert them. These arguments implicate the concepts of Article III standing and the real-party-in-interest doctrine embodied in Fed. R. Civ. P. 17(a). *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002) ("[T]here is a distinction between questions of Article III standing and Rule 17(a) real party in interest objections"). Standing is a jurisdictional requirement and requires the plaintiff to demonstrate (1) a concrete and particularized "injury in fact," (2) an injury fairly traceable to defendant's conduct, and (3) that a favorable judgment will redress the injury. *Id.* at 531 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)).

Fed. R. Civ. P. 17(a) requires that the case be brought by the person "entitled to enforce the right under the governing substantive law." *See Certain Interested Underwriters at Lloyd's, London v. Layne*, 26 F.3d 39, 42-43 & n.1 (6th Cir. 1994) ("Rule 17(a) is not jurisdictional and relates only to the proper parties and the capacity to sue"). With respect to rights held by a corporation, the corporation is the real party in interest to assert those rights, not its stockholders or officers. *See White v. JPMorgan Chase Bank, N.A.*, 521 F. App'x 425, 428 (6th Cir. 2013). Courts must first establish the jurisdictional requirement of standing before performing a Rule 17(a) analysis. *See Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 412 n.2 (6th Cir. 2013) ("[A]n analysis under Rule 17 can only be conducted after a party has established its standing to sue"); *Zurich Ins. Co.*, 297 F.3d at 531 (affirming the denial of a Rule 17(a) motion to substitute the real party in interest because plaintiff did not suffer any injury and, therefore, the court lacked jurisdiction to consider the motion).

The Court has liberally construed the *pro se* pleadings, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and accepts the allegations therein as true, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept the proposition that Johnson -- the sole named plaintiff in the amended complaint -- is the holder of the various intellectual property rights, and therefore has suffered a cognizable injury for standing purposes. Doc. 31-1 at PageID 210, 225-30. The amended complaint purports to cure the threshold jurisdictional issue of Article III standing presented by the initial complaint. *See Crawford*, 53 F.3d at 753-54 (affirming the district court's denial of a motion for leave to file an amended complaint because the plaintiffs would lack standing to assert their claim); *cf. Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16,

2009) (granting a motion for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) because "the supplemental complaint addresses a threshold issue, ripeness"). Johnson has been a plaintiff since the case's origination, so the amendment does not implicate the addition of a new party.

At this early stage of litigation, and because justice so requires, the Court declines to examine the underlying merits of the claims presented here and believes the proper course of action is to allow Johnson to the opportunity to plead the claims on his own behalf.

### B. *Foman* Factors

The Court is required to examine the amended complaint for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman*, 371 U.S. at 182. After a careful review of the relevant filings, and mindful of the fact that Johnson is proceeding *pro se*, the Court finds that Johnson has acted with due diligence and has displayed neither bad faith nor dilatory motive.

Johnson's four motions for leave to supplement his initial complaint were all filed before October 21, 2013, the date stipulated for Apple's responsive pleading. The Court notes that two of Johnson's motions were filed after Apple filed its motion to dismiss on October 17, 2013. Apple served its motion by mailing, doc. 28 at PageID 199, and service is deemed complete upon mailing pursuant to Fed. R. Civ. P. 5(b)(2)(C). The Court is cognizant of the possibility that Johnson likely did not have actual knowledge of the motion to dismiss prior to filing his fourth motion for leave to supplement on October 18, 2013, and may not have had actual knowledge of it prior to filing his motion for leave to amend on October 22, 2013.

...

Notwithstanding actual notice, recognizing that Johnson's motions were both filed within five days of Apple's motion to dismiss, the Court finds that this does not constitute undue delay. Johnson filed his motion for leave to file an amended complaint forty-nine days after St. G Tech, Inc. was dismissed from the case. Again mindful that Johnson proceeds *pro se*, the Court finds that Johnson acted with due diligence. *See Midwest Suspension & Brake*, 49 F.3d at 1202 (finding that a motion for leave to amend filed two years into the case and one month before trial demonstrated a lack of due diligence and would unduly prejudice the nonmoving party).

Given that this case is in the early stages of the litigation, the Court further finds that Apple will not be unduly prejudiced by granting Johnson leave to amend. Johnson's draft amended complaint does not plead any additional causes of action; rather, it asserts the same claims as pled in the initial complaint. Finally, as discussed above, the amended complaint purports to cure pleading deficiencies in the initial complaint. Therefore, the amendment would not be futile.

### C.  Motion To Dismiss

Johnson's amended complaint appears to consolidate his initial complaint and four amendments -- both granted and pending -- and it appears he intends for his amended complaint to supersede rather than supplement his initial complaint. *See Clark v. Johnson*, 413 F. App'x 804, 811-12 (6th Cir. 2011) (providing that the district court should "rely solely on the amended pleading in making its rulings" when plaintiff "did not clearly indicate that he intended his amended pleading to supplement, rather than supersede, his original pleading"). This conclusion is further bolstered by Johnson's most recent motions for leave to supplement, which are directed to his amended complaint. Docs. 37, 43. The general rule is that "[b]ecause an amended

complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint." *Pethel v. Wash. Cnty. Sheriff's Office*, No. 2:06-cv-799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 17, 2007). However, when the amended complaint is "substantially identical" to the initial complaint, a previously filed motion to dismiss may not be rendered moot. *Id.*

The court in *Pethel* held that an amended complaint was substantially identical to the initial complaint because it merely substituted the proper governmental entity as one of the defendants. *Id.* The court proceeded to examine the merits of the defendants' first motion to dismiss only because the defendants filed motions to dismiss directed to both complaints, with the second motion incorporating the arguments made in the first motion. *Id.*

Here, Apple has filed a motion to dismiss directed to the initial complaint only. Johnson has since filed a motion for leave to supplement his original complaint, a motion for leave to file an amended complaint, and two motions for leave to supplement his amended complaint. Any further analysis is properly reserved until after Apple files a responsive pleading directed to the amended complaint. *See Greater Cincinnati Coal. for the Homeless*, 2009 WL 3029661, at *4 ("Since Plaintiffs' motion to supplement the complaint effectively moots Defendants' motion to dismiss because it directly addresses the ripeness issue, this Court should decline review of the underlying claims unless and until Defendants renew their motion to dismiss as directed at both the original and supplemental complaint"). Johnson has not sought to plead any additional claims, so Apple is free to incorporate the arguments made in its initial motion to dismiss, minimizing the potential for undue prejudice.

**IV.**

The Court recognizes the piecemeal fashion in which Johnson has pleaded his case. Accordingly, and in light of the simultaneously issued Calendar Order, Johnson is **ORDERED** to file an amended complaint, encompassing all of his claims and exhibits, on or before **January 31, 2014**. Therefore, the Court **RECOMMENDS** that Apple's motion to dismiss Johnson's initial complaint (doc. 28) be **DENIED AS MOOT AND WITHOUT PREJUDICE TO REFILE**.[7] Johnson's motion for leave to supplement his initial complaint (doc. 30), motion for leave to file an amended complaint (doc. 31), and motions for leave to supplement his amended complaint (docs. 37, 43) are each **DENIED AS MOOT AND WITHOUT PREJUDICE TO REFILE**.

Also before the Court is Apple's motion to stay discovery pending the Court's ruling on its motion to dismiss. Doc. 38. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). In light of the Court's recommendation regarding Apple's motion to dismiss and the additional time granted Johnson to file an amended complaint, the Court concludes that it is appropriate to stay discovery in this case at this time. Accordingly, Apple's

---

[7] Pursuant to the Calendar Order issued today, Apple has until February 21, 2014 in which to renew its dismissal motion, should it choose to do so.

motion to stay discovery (doc. 38) is **GRANTED**.  All discovery in this case is hereby **STAYED** pending further order of the Court.

Finally, the Court is disturbed by the allegations Apple makes regarding Johnson's conduct leading up to the parties' Rule 26(f) conference and the content of his Rule 26(f) report. *Pro se* Plaintiff is **ADVISED** that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the Court may, after giving an opportunity to be heard, require that party or attorney to pay any other party the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(f).  *Pro se* Plaintiff is further **ADVISED** that the submission of false or misleading documents to the Court is grounds for sanctions, including, *inter alia*, dismissal of his case.  *See* Fed. R. Civ. P. 11.

    January 17, 2014                                                                      s/ **Michael J. Newman**
                                                                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).