UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY WALKER JOHNSON,

    Plaintiff,

vs.

APPLE, INC.,

    Defendant.

Case No. 3:13-cv-204

District Judge Timothy S. Black
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT APPLE INC.'S MOTION TO DISMISS (Doc. 50) BE GRANTED; (2) PLAINTIFF BE DENIED LEAVE TO APPEAL *IN FORMA PAUPERIS*; AND (3) THIS CASE BE CLOSED**

---

This case is before the Court on Defendant Apple Inc.'s ("Apple") motion to dismiss the amended complaint. Doc. 50. Plaintiff Gregory Walker Johnson ("Johnson"), proceeding *pro se*, filed a response to Apple's motion to dismiss. Doc. 51. Apple filed a reply memorandum. Doc. 53. Johnson filed a response to Apple's reply, which the Court construes as a sur-reply.[2] Doc. 54. The Court has carefully considered each of these documents, and Apple's motion to dismiss is now ripe for decision.

**I.**

Johnson alleges he is an inventor who "began to revolutionize[] the telecommunications industry in 2000 with the vision of verbal command software and hardware" and other inventions and innovations. Doc. 46-1 at PageID 356. These inventions and innovations include the use of a camera on electronic devices. *Id.* Johnson alleges that he applied for issuance of a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Although Johnson did not seek leave to respond to Apple's reply memorandum, the Court liberally construed the document as a sur-reply and granted Johnson leave to so file by Notation Order dated March 6, 2014. *See* S.D. Ohio Civ. R. 7.2(a)(2).

patent concerning a verbal command laptop computer and software, doc. 46-5 at PageID 401, and has registered copyrights with regard to certain "text[s] describing a software application," titled "Verbal Command Laptop Computer and Software." Doc. 46-2 at PageID 380. Generally, Johnson alleges that Apple infringed upon his intellectual property rights by incorporating his innovations in its products such as the iPod, iPhone and iPad. Doc. 46.

Apple moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Doc. 50. Apple also requests dismissal of certain claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Id.* Johnson filed a response to Apple's motion, but fails to directly address any of Apple's specific arguments. Doc. 51. Instead, Johnson restates his allegations, references previous litigation in this Court, and sets forth inflammatory accusations toward defense counsel. Doc. 51. Apple filed a reply memorandum that simply acknowledges Johnson's failure "to address any of the grounds for dismissal set forth in Apple's motion[.]" Doc. 53 at PageID 470. Johnson, with leave subsequently granted by the Court via Notation Order, filed a sur-reply, which again fails to address any of the issues raised by Apple in its motion to dismiss. Doc. 54.

Based upon Johnson's failure to address any of the arguments advanced by Apple, it appears that he has waived opposition to Apple's motion. *Weatherby v. Fed. Express*, 454 F. App'x 480, 490 (6th Cir. 2012) (noting that "[t]hough this court provides some leeway to *pro se* litigants, Plaintiff must still make some effort at argumentation or presentation of facts" and absent such effort, Plaintiff's claims may be waived); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (stating that the proposition "that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" applies equally to *pro se* litigants); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331

(6th Cir. 2008) (holding that "where, as here, plaintiff has not raised arguments in the [D]istrict [C]ourt by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived") (citing *Resnick v. Patton*, 258 F. App'x 789, 793 n.1 (6th Cir. 2007) (concluding that arguments are waived in the absence of opposition to a motion to dismiss in the district court) (further citations omitted)).

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

3

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) asserts that the court lacks subject matter jurisdiction. Such a motion may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction. *O'Bryan v. Holy See*, 556 F.3d 361, 376-77 (6th Cir. 2009). Under a facial attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal. *Id*. at 377.

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

**III.**

Liberally construed, Johnson's amended complaint purports to assert claims of: (A) patent infringement; (B) copyright infringement; (C) trademark and trade dress infringement; (D)

unfair competition in violation of the California Unfair Competition Law; and (E) unjust enrichment.  Apple seeks dismissal of all of these claims.

### A. Patent Claims

"[T]o proceed with a patent infringement claim, the plaintiff must own valid legal title." *SKW Americas v. Euclid Chem. Co.*, 231 F.Supp.2d 624, 624-25 (N.D. Ohio 2002) (citing *Arachnid, Inc. v. Merit Inds., Inc.*, 939 F.2d 1574, 1578-79 (Fed. Cir. 1991)); *see also* 35 U.S.C. § 281 (stating that "[a] patentee shall have remedy by civil action for infringement of his patent"); 35 U.S.C. § 100(d) (defining "patentee" as the one "to whom the patent was issued" and "successors in title to the patentee"). "If the plaintiff does not own valid legal title to the patent, [he] does not have standing to bring the lawsuit, and the Court is without subject matter jurisdiction over the case." *Id.* (citation omitted).  In other words, "[p]atent rights are created only upon the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." *GAF Bldg. Materials Corp. v Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996).

Here, Johnson alleges no patent ownership.  In fact, public records[3] reveal that his patent applications are under final rejection.  Doc. 50 at PageID 444.  As a result, Johnson has no standing to assert a patent infringement claim, thus depriving this Court of subject matter jurisdiction over such a claim.  Based on all of the foregoing, the undersigned recommends that Johnson's patent infringement claims be dismissed.

---

[3] The Court takes judicial notice that Johnson's patent application is under final rejection. *Mettke v Hewlett Packard Co.*, No. 2:11-CV-00410, 2012 WL 1158629, at *3 n.2 (S.D. Ohio Apr. 6, 2012) (taking judicial notice of an application available on the Patent and Trademark Office's website).

B.     **Copyright Claims**

Johnson purports to hold copyrights in certain texts apparently "describing a software application," doc. 46-2 at PageID 380, and alleges that Apple infringed on those copyrights by implementing the ideas expressed in those texts into its products. To establish a copyright infringement claim, a plaintiff must show: (1) ownership of a valid copyright; and (2) that "defendant copied protectable elements of the work." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004) (citations omitted). Copyright protection is available for "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Protection does not, however, extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

For example, a person could copyright a book explaining a system of accounting, but copyright protection does not extend to the accounting system explained. *See Baker v. Selden*, 101 U.S. 99, 103-04 (1879) (concluding that the copyright of a book gives no exclusive right to the art it describes, whether or not it has been known or used before); *see also Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 280 (6th Cir. 1998) (stating that "one may construct a house which is identical to a house depicted in copyrighted architectural plans, but one may not directly copy those plans and then use the infringing copy to construct the house"). Accordingly, absent a patent, the public can use the ideas published in the book. *Id.*; *see also Mazer v. Stein*, 347 U.S. 201, 217 (1954) (holding "unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea – not the idea itself").

Here, Johnson appears to possess copyrights of "text[s] describing a software application." Doc. 46-2 at PageID 378-82. All of the allegations in the complaint, amended

6

complaint, and the attachments thereto simply set forth general descriptions of ideas. Docs. 4, 46. There are no factual allegations that Johnson created a specific code or blueprint that Apple copied and developed. *Id.* Instead, the allegations -- accepted as true for purposes of determining Apple's motion to dismiss -- simply aver that Apple implemented Johnson's ideas in its products. *See Nino Homes*, 858 F.2d at 280. Because the amended complaint merely alleges infringement of ideas, the substance of Johnson's claims sound in patent law, not copyright. Therefore, Johnson's copyright claims have no merit on the face of the pleadings and the undersigned recommends that such claims be dismissed.

   C. **Trademark and Unfair Competition Claims**

  Liberally construed, the amended complaint asserts claims of trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and the common law. Doc. 46-1. In addition, it purports to assert claims of unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on a theory of trade dress infringement. *Id*. Apple moves to dismiss these claims for a number of reasons. Most significantly, Apple contends that such claims are precluded as a matter of law because Johnson admits to having no goods in commerce. Doc. 50 at PageID 448-50.

  To state a claim of trademark infringement, "a plaintiff must allege facts establishing that: (1) [plaintiff] owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)). With regard to ownership, the threshold inquiry concerns the priority of the subject mark's use. *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012). In fact:

> It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to

> have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.

*Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) (citations omitted); *see also Seeburg Corp. v. AMR Publ'n*, 80 F.Supp.2d 723, 728 (W.D. Mich. 1999).[4]

"Therefore, a party pursuing a trademark claim must meet a threshold 'use in commerce" requirement.'" *Rearden*, 683 F.3d at 1203. "The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127. With regard to goods -- as opposed to services -- a trademark is "used in commerce" when the mark "is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto" and "the goods are sold or transported in commerce[.]" *Id*. Here, because Johnson admits that his "products are not on the market yet," doc. 46-1 at PageID 356, his purported trademarks are not used in commerce and, therefore, his trademark infringement claims must be dismissed.

Johnson's unfair competition claims -- based upon a product design trade dress[5] theory -- fail on the pleadings for the same reasons. "To prevail on a claim for the infringement of a product-design trade dress, a plaintiff must prove that its allegedly infringed product design (1) is nonfunctional, (2) has acquired secondary meaning, and (3) is confusingly similar to the allegedly infringing product design." *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*,

---

[4] The same threshold inquiry applies to common law trademark infringement claims. *Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 267 (4th Cir. 2003) (stating that "[a]t common law, trademark ownership is acquired by actual use of the mark in a given market") (citing *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97–98 (1918)); *see also Review Directories, Inc. v. McLeodUSA Publ'g Co.*, No. 1:99CV958, 2001 WL 34054527, at *2 (W.D.Mich. Aug. 6, 2001) (finding that the first element of a trademark infringement claim under common law is proof of "ownership and continuous use of the [m]arks").

[5] Trade dress includes "1) either a singular feature or combination of features that takes on a distinct arrangement, 2) intended by the maker to permit the public to identify it as coming from a particular source, and 3) having a tendency to do so." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 626 (6th Cir. 2002).

730 F.3d 494, 503 (6th Cir. 2013) (citations omitted). In this case, Johnson fails to sufficiently allege that his trade dress has acquired secondary meaning or that there is any likelihood of confusion.

Secondary meaning is established if "in the minds of the public, the primary significance of the trade dress is to identify the source of the product rather than the product itself." *Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 414 (6th Cir. 2006). In assessing whether secondary meaning exists, Courts apply "a seven-factor test"[6] to assist in determining the public's ability to identify the source of the product. *See id*. Likelihood of confusion exists where consumers "are likely to believe that the products or services offered by the parties are affiliated in some way." *See Interactive Products Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 695 (6th Cir. 2003); *see also Newsboys v. Warner Bros. Records, Inc.*, No. 3:12-cv-0678, 2013 WL 3524615, at *3 (M.D. Tenn. July 11, 2013).

Here, absent use of a product in commerce whatsoever, Johnson cannot plausibly assert that the public identifies him as the source of any product or that there is any confusion concerning the actual source of Apple's products. Accordingly, based on all of the foregoing, the undersigned concludes that Johnson fails to allege facts sufficient to plausibly plead any trademark or unfair competition claims. Therefore, the undersigned recommends that these causes of action be dismissed.

### D.  California Unfair Competition Law

Next, Johnson's amended complaint purports to assert that Apple's alleged trademark and trade dress infringement amounts to unfair competition in violation of California's Unfair

---

[6] These factors are: "(1) direct consumer testimony, (2) consumer surveys, (3) exclusivity, length, and manner of use, (4) amount and manner of advertising, (5) amount of sales and number of customers, (6) established place in the market, and (7) proof of intentional copying." *Gen. Motors*, 468 F.3d at 418.

Competition Law ("UCL"), Bus. & Prof. Code § 17200. Doc. 46-1 at PageID 373. Apple contends that Johnson lacks standing to assert such claims because he is not a California resident and alleges no injury in fact. Doc. 50 at PageID 451-52. Assuming, *arguendo*, that Johnson has standing to assert a claim under the California UCL, including suffering an injury in fact, his claim must fail for the same reasons his Lanham Act claims fail. *See Acad. of Motion Picture Arts and Sciences. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991) (holding that "[a]n action for unfair competition under [the California UCL] is 'substantially congruent' to a trademark infringement claim under the Lanham Act" where both test "'whether the public is likely to be deceived or confused by the similarity of the marks'"). Accordingly, the undersigned recommends that Johnson's UCL claims be dismissed for the same reasons as his Lanham Act claims.

### E. Unjust Enrichment

Finally, Johnson purports to assert claims of unjust enrichment under Ohio law based upon Apple's allegedly infringing activities. Johnson's claim in this regard alleges unjust enrichment on the theory that Apple used, and benefitted financially from, Johnson's ideas. Doc. 46-1 at PageID 374 (asserting unjust enrichment by alleging that Apple's infringing activities constitute patent infringement under 35 U.S.C § 271). However, an unjust enrichment claim based upon infringing use of "intellectual property covered by [a] patent application" cannot be maintained while a patent application is pending. *See Global Cooling, Inc. v. E.C. Sagittar B.V.*, No. 2:11-cv-1083, 2012 WL 5385622, at *2, 4 (S.D. Ohio Nov. 1, 2012) (holding that, "[t]o the extend that Plaintiff's unjust enrichment [claim] . . . depend[s] on . . . inventorship and patentability . . . such claim cannot be litigated while the [p]atent [a]pplication is pending").

Further, Johnson only sets forth conclusory and speculative accusations that Apple actually copied his ideas -- as opposed developing its own ideas. *See*, *e.g.*, doc. 46 at PageID 353. Thus, even assuming, *arguendo*, that Johnson could legally assert an unjust enrichment claim based upon a patent infringement theory, Johnson fails to sufficiently allege that he possesses "a superior equity so that as against him it would be unconscionable for defendant to retain the benefit." *See City of Cincinnati v. Fox*, 71 Ohio App. 233, 49 N.E.2d 69, 73 (Ohio Ct. App. 1943).

Based on all of the foregoing, Johnson's unjust enrichment claim should be dismissed.

**F.     Dismissal Without Leave to Amend**

Courts have discretion in determining whether to dismiss a complaint or to allow plaintiff the opportunity to amend. *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). In cases "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id.* (citing *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). Dismissal without allowing further amendments "may be appropriate . . . where there is ' . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178 (1962))).

Here, the Court previously granted Johnson leave to amend his complaint, with additional documentation and exhibits, not once but three times. *See* docs. 23, 26, 44. The amended complaint at issue here was filed following the filing of Apple's first motion to dismiss. Docs. 28, 46. Johnson's amended complaint, doc. 46, presents no factual allegations substantively

different from those pleadings in his initial complaint. *Compare* doc. 4 with doc. 46. As a result, the undersigned finds no reason to conclude that *sua sponte* granting Johnson leave to further amend the complaint would be anything other than futile. Therefore, the undersigned declines any further leave to amend the pleadings and recommends that the amended complaint be dismissed with prejudice in its totality as set forth above. *Accord Scrap Yard, LLC v. City of Cleveland*, 513 F. App'x 500, 507 (6th Cir. 2013).

### IV. CONCLUSION

Accordingly, the Court **RECOMMENDS** that:

1. Defendant Apple's motion to dismiss (doc. 50) be **GRANTED**;

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, **DENY** Plaintiff leave to appeal *in forma pauperis*; and

3. As no other matters remain pending for review, this case be **TERMINATED ON THE DOCKET**.


Date:   August 14, 2014                        *s/ Michael J. Newman*
                                                             Michael J. Newman
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).